IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| DEREK WAYNE MONTEZ, <br> TDCJ-CID No. 01434316, <br><br> Plaintiff, <br><br> v. <br><br> GARRY SMITH *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

2:18-CV-193-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed October 5, 2018. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On November 21, 2018, Plaintiff filed his Amended Complaint (ECF No. 6). For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Amended Complaint.

### FACTUAL BACKGROUND

Plaintiff's Amended Complaint contains a very abbreviated version of the facts detailed in his original Complaint, so the Court will consider Plaintiff's Amended Complaint as a supplement to Plaintiff's Original Complaint. (ECF Nos. 3, 6). Plaintiff alleges that on April 23, 2018, he notified Defendants Smith and Jansson that he was currently housed with another inmate in violation of the Safe Housing Protocol (ECF No. 3 at 4). While Defendants questioned Plaintiff about his housing situation, Plaintiff alleges Defendants became irate and prepared to spray him

with chemical agents. *Id.* Plaintiff walked away. *Id.* Plaintiff was ordered to come back, which he alleges he did. *Id.*

Plaintiff alleges that after he was handcuffed for walking away, Defendant Smith used excessive force in pulling on the very tight handcuffs and spraying Plaintiff's face with chemical agents. *Id.* at 6-7. Plaintiff t alleges that Defendant Jansson then "bear-hugged" him from behind and took him to the ground with a knee in his back. *Id.* at 7. Plaintiff alleges he was then lifted to his feet and escorted to the showers, where he took a 2-hour shower, which was video recorded. *Id.* at 8. Plaintiff's entire account of the incident indicates he complied with every order given by Defendants. *See id.* at 6–9.

However, Plaintiff also claims that on April 25, 2018, he received notice of disciplinary charges against him arising from the incident. *Id.* at 10. Plaintiff was charged with: (1) creating a disturbance; and (2) refusing to obey a direct order. *Id.* Plaintiff acknowledges he was convicted of these charges arising from the incident. *Id.* Plaintiff stated he filed a grievance for excessive force immediately following his disciplinary conviction. *Id.*

Plaintiff claims that he was subjected to excessive force under the Eighth Amendment and seeks damages for his pain and injuries.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

2

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

The Fifth Circuit has clarified when excessive force claims may be barred under the *Heck* doctrine if a prisoner also receives a disciplinary conviction arising from the incident. *See Aucoin v. Cupil*, 958 F.3d 379, 380–81 (5th Cir.). The Court must sort this history to determine if Plaintiff's allegations of excessive force would necessarily negate his disciplinary convictions.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a conviction includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

An inmate cannot bring a Section 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty of misconduct that justified that use of force. But *Heck* does not bar a Section 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct. *See, e.g., Bourne*, 921 F.3d 484; *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). Here, Plaintiff's account of the facts is that he was in constant compliance with the guards, but this account contraindicates the result of his disciplinary conviction–which indicates Plaintiff's behavior justified the need for *some* force.

The Fifth Circuit's opinion in *Aucoin* is instructive. Like in *Aucoin,* Plaintiff's claims "arise from one uninterrupted encounter . . . he told one sweeping story." *Aucoin*, 2019 WL 4023747, at *3. Also, like the defendant in *Aucoin* — who stated he did nothing wrong to provoke Defendants' use of mace — Plaintiff has *not* conceded he committed any act that resulted in his disciplinary conviction. *See id.* Like in *Aucoin*, Plaintiff's convictions "tell a different story." *Id.* Thus, the force used here was in response to the behavior for which Plaintiff was disciplined. As such, Plaintiff's claims are barred by the *Heck* doctrine and are frivolous unless his conviction is overturned. *See id.* at *4.

4

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** as frivolous until the *Heck* conditions are met.

**SO ORDERED.**

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE